# Holland & Knight

811 Main Street, Suite 2500 | Houston, TX 77002 | T 713.821.7000 | F 713.821.7001
Holland & Knight LLP | www.hklaw.com

George Robertson
+1 713-244-6871
George.Robertson@hklaw.com

January 10, 2023

Hon. Charles Eskridge  *Via Email*
c/o Jennelle Gonzalez (Jennelle_Gonzalez@txs.uscourts.gov)
U.S. DISTRICT COURT, S.D. TEX.
515 Rusk St.
Houston, Texas 77002

Re:   *Jesus Lopez, Jr. v. AngioDynamics, Inc., et al.*, **Case No. 4:21-CV-04182**

Dear Judge Eskridge:

Pursuant to Rule 15c of this Court's Procedures, Defendants respectfully respond to Plaintiff's discovery dispute letter, in which Plaintiff appears to request some kind of protective order regarding scheduling of depositions. As set forth below, the letter misstates facts, is wholly without merit, and should be denied.[1] Plaintiff was aware of and reminded multiple times of the January 6, 2023 deposition of Mary L. Brandt, M.D., M.Div. He did not respond to any of the communications regarding that deposition—let alone lodge any objections—until the eve of the deposition. Plaintiff's counsel's request for relief is not warranted as he has not shown good cause for a protective order.

It is ironic that Plaintiff's counsel complains of communication issues because Defendants barely receive any responses from Plaintiff to *their* communications. As detailed in Defendants' Opposition to Plaintiff's Motion to Continue (D.E. 42), Plaintiff has continually stonewalled discovery, all in an effort to secure a continuance because he failed to make his expert disclosures by the November 29, 2022 deadline. Yet, Defendants have diligently sought to meet the deadlines in this case, sending regular communications to Plaintiff in an attempt to schedule depositions and obtain his responses to written discovery (which this Court ultimately had to order Plaintiff to do, D.E. 45). Defendants have either received no response to these communications at all, or received threats of sanctions for various unmeritorious reasons.[2] Despite these roadblocks, Defendants timely disclosed their experts on January 4, 2023.

---

[1] Plaintiff's letter also violates Rules 15a and b of this Court's Procedures requiring good faith and "serious" attempts to resolve issues before seeking Court intervention.
[2] Plaintiff's counsel—who is admitted *pro hac vice*—has threatened to file motions for sanctions no fewer than four (4) times since the undersigned's firm appeared this case on August 19, 2022.

Atlanta | Austin | Boston | Century City | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston
Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia | Portland | Richmond
San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

January 10, 2023
Page 2

      With respect to the recent deposition, Mary L. Brandt, M.D., M.Div. was the implanting physician of the medical device at issue in this case. Dr. Brandt is an accomplished and very busy pediatric surgeon who treats patients with cancer and other serious conditions and teaches the next generation of physicians at Tulane University School of Medicine to do the same. Accordingly, Defendants had to schedule her deposition when she was available.

      Plaintiff has been aware of Defendants' efforts to schedule Dr. Brandt's deposition since December 1, 2022, and was notified of the deposition date numerous times. On December 15, 2022, Defendants sent a letter to Plaintiff's counsel (his professed preferred means of communication) that the deposition of Dr. Brandt would be taken on January 6, 2023, the date she was available and had blocked out in her schedule for the deposition. Counsel did not respond or object to the subpoena. Defendants again reminded counsel of the deposition on December 27, 2022 and provided the videoconference link. Again, Plaintiff's counsel did not respond. Then, just two days before the deposition, counsel demanded for the first time that it be moved, citing a hearing in an unspecified case and claiming that the associate assigned to cover the deposition had become unavailable.[3] In a show of good faith, Defendants contacted Dr. Brandt's counsel to determine whether she could move the deposition. Dr. Brandt was unable to do so due to her busy clinical schedule. Defendants also provided contact information for Dr. Brandt's counsel (at Plaintiff's request), but Plaintiff never contacted her. Ultimately, Plaintiff's counsel took a full deposition of Dr. Brandt on January 6th.

      Perhaps most ironic is the fact that counsel has ignored Defendants' attempts to schedule the Plaintiff's deposition. Defendants first noticed the Plaintiff's deposition on December 2, 2022, in connection with their upcoming expert disclosure deadline. Plaintiff's counsel did not immediately respond. Thereafter, Defendants asked for deposition dates no fewer than three times, all of which were ignored. It was not until the day before Defendants' expert disclosures were due that Plaintiff finally responded, offering a date for Plaintiff's deposition in late January (well after the expiration of the deadline).

      In sum, Defendants have been diligent and accommodating to Plaintiff when scheduling depositions while also being cognizant of the deadlines in this case. Plaintiff's letter is just another example of Plaintiff's gamesmanship in the face of Defendants' pending Motion to Reconsider its motion to dismiss, (D.E. 37), and his own missed expert deadline. Defendants therefore respectfully request that the Court deny the relief sought in Plaintiff's letter.

                                                               Respectfully,

                                                              George G. Robertson

CC:    All counsel of record.

---

[3] Defendants are not aware of any associate in Mr. Brenes' firm having been admitted to the S. D. Tex. *pro hac vice* in this case. Additionally, Plaintiff did not offer any explanation why his co-counsel, Ben C. Martin, or any of the lawyers in his firm could not attend in view of Dr. Brandt's limited availability.